In re Corey D. MERCIER, d/b/a Magnum Investment Group d/b/a Magnum Instant Galley d/b/a Mercier Investment Group, Debtor.

No. 9:03–bk–15259–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

July 25, 2005.

Jeffrey W. Leasure, PA, Fort Myers, FL, for Debtor.

*ORDER ON CREDITOR'S MOTION FOR RECONSIDERATION AND/OR REHEARING*

(Doc. No. 181)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS a Chapter 13 case, which involves seemingly never ending litigations fueled by shear emotion and totally devoid of any common sense between the Debtor, Corey D. Mercier, and a "former lifetime partner" of the Debtor, Anneelena Foster (Ms. Foster). In this particular instance the warriors are not the Debtor and an ex spouse of the Debtor, at least under the laws of this State, although the Debtor and Ms. Foster were married under the laws of the State of Oregon and are the custodial parents of a pair of twin girls.

The unorthodox feature of the major point of contention between the Debtor and Ms. Foster, involves a support award granted by the State of Oregon, not to the parties, but to the adopted children of the parties.

The present Motion is directed to this Court's Order entered on March 31, 2005, entitled Amended Order Denying Debtor,

Corey D. Mercier d/b/a Magnum Investment Group d/b/a Magnum Instant Gallery d/b/a Magnum Investment Group's Renewed Motion for Sanctions Against Anneelena Foster (Doc. No. 172).

In order to place the instant matter before this Court in an understandable posture, it should be helpful to outline the events leading up to the current Motion before this Court.

On July 24, 2003, the Debtor filed her Voluntary Petition for Relief under Chapter 13 of the Code. It took no time before it became evident that this would not be a routine Chapter 13 case of a consumer who filed the Petition in order to save the family home. Shortly after the Debtor filed her Voluntary Petition for Relief, Ms. Foster immediately started prolonged litigations between the parties.

A substantial amount of the time has been consumed in this case seeking a resolution of a dispute involving the allowability of several claims of Ms. Foster filed by the Debtor. The dispute has been ultimately resolved with the entry of an Order entered by this Court on January 5, 2005. (Doc. No. 152). This Court in its Order reaffirmed the Order Sustaining Debtor's Objection to Allowance of Claim of Anneelena Foster (Claim No. 12), entered On November 23, 2004, (Doc. No. 127) and disallowed the claim in toto. This Order was never challenged any further, thus, it became a final determination of the right of Ms. Foster to have her claim allowed in this Chapter 13 case of the Debtor.

The second major issue, which is presently before this Court, is the attempt by Ms. Foster to enforce her claim to a child support award by the State of Oregon, which is paid monthly to the Debtor. The Debtor charges that Ms. Foster is willfully and knowingly violating the automatic stay and therefore, according to the Debtor, this Court should sanction Ms. Foster pursuant to Section 362(h) of the Bankruptcy Code.

The first Motion for Sanction was filed on April 19, 2004. (Doc. No. 51). According to the Debtor, notwithstanding the operation of the automatic stay, Ms. Foster obtained an award in the arbitration proceeding and a Final Judgment entered by the Circuit Court in and for the Twentieth Judicial Circuit in and for Collier County, Florida (Circuit Court) after the commencement of the Chapter 13 case of the Debtor. The Final Judgment which was based on the Arbitration Award directed the Debtor to pay Ms. Foster the sum of $8,600.00. According to the Debtor, since she had filed a Suggestion of Bankruptcy in the Circuit Court, Ms. Foster's conduct constituted a direct and deliberate violation of the automatic stay. Therefore, the Debtor contended that she was entitled to a monetary award of $1,800.00 for actual damages, punitive damages not less than $1,000.00 plus attorney fees and cost.

On June 8, 2004, this Court entered an Order and ordered Ms. Foster to vacate the Arbitration Award and the Judgment entered on the Arbitration Award within fifteen days of the entry of the Order. The Court in its Order stated that if Ms. Foster failed to vacate the said award the Court would consider the imposition of sanctions. (Doc. No. 74). The Debtor filed her second Motion for Sanctions on June 29, 2004, and sought the imposition of sanctions against Ms. Foster, based on the allegations that Ms. Foster had not vacated the Arbitration Award or the Judgment. (Doc. No. 81). On September 23, 2004, this Court entered an Order denying the Motion for Sanctions without prejudice without indicating the basis for the ruling. (Doc. No. 102).

On December 8, 2004, the Debtor filed her Renewed Motion for Sanctions. (Doc. No. 133). On March 30, 2005, this Court

granted the Renewed Motion for Sanctions. (Doc. No. 171). On March 31, 2005, this Court entered an Amended Order Denying the Debtor's Renewed Motion for Sanctions. (Doc. No. 172). In its Order this Court held that the grant of the Arbitration Award and the Judgment based on the award, after the commencement of the Chapter 13 case, is a violation of the automatic stay against the Debtor and against any property of the Debtor. This Court concluded that there is no legal basis to grant the Debtor's request to order Ms. Foster to execute the satisfaction of the Judgment for the simple reason that the automatic stay did not invalidate the Judgment and the Judgment became viable and enforceable outside of bankruptcy. Although the Order of March 31, 2005, denied the Debtor's Motion to impose sanctions, Ms. Foster feels aggrieved by the Order and now seeks a Reconsideration and/or a Rehearing of the Order which denied the Debtor's Motion for Sanctions and this is the Motion which is presently before this Court.

In her Motion for Reconsideration, Ms. Foster contends that this Court's findings and conclusions that the Arbitration Award was a violation of the automatic stay is not supported by law and, therefore, the conclusion that the granting of the Arbitration Award was a violation of the automatic stay was clearly erroneous. In addition, Ms. Foster contends that this Court's Order is a clear conflict with the Bankruptcy Code, in that, it proposes to permanently prohibit the enforcement of a valid Order for a support obligation involving only funds that never were, and never will be, the property of the Debtor's estate.

Based on the foregoing, Ms. Foster requests that this Court reconsider its March 31, 2005, Order, and determine and clarify that the Arbitration Award is unenforceable only against the property of the Debtor's estate, but not against the person of the Debtor, who is obliged as a parent and a party to a preexisting parenting agreement to perform certain functions as established by the State Court for the best interest of the parties' children.

Furthermore, Ms. Foster in her prayer for relief sought this Court to clarify its ruling and determine that:

"(a) the Arbitration award is deemed unenforceable against property of the bankruptcy estate of Corey Mercier, but not against the person of Corey Mercier, who is obligated as a parent and party to a preexisting parenting agreement to perform certain functions as established by the State Court for the best interest of the parties' children;

(b) that the prior order, as entered in State Court for purposes of impugning the Creditor, is hereinafter not to be cited without reference to any subsequent order; and

(c) that it is the intention of the Bankruptcy Court to retain jurisdiction of the bankruptcy matter but not to become embroiled as an arbiter of ongoing domestic issues outside the scope of the bankruptcy."

Before considering these contentions advanced by Ms. Foster, it is necessary to consider the underlying basis of the Arbitration Award, especially in the unique and unorthodox setting of the relationship of the parties.

It appears from the record as established at the previous hearings that Ms. Foster and the Debtor first met in June 1990. In 1991, they established a joint household initially in San Jose, California. In 1992, they moved to Oregon. After they became Oregon residents, the Debtor and Ms. Foster made application to become foster parents. This application was

granted and they became foster parents of four children. Thereafter, the parties made a joint application to adopt two of the four children in their care. The application was approved and the parties thereby became co-adoptive parents of twin girls. It appears that the State of Oregon awarded support for the children in the amount of $800.00 per month. It is without dispute that the monthly checks received from the State of Oregon were paid out of federal funds, that all checks were made payable to the Debtor, and the checks were deposited in the joint checking account maintained by the parties.

In October 2000, the parties separated and their relationship eventually terminated. It is without dispute that with the exception of $600.00, all funds paid by the State of Oregon were received by the Debtor and allegedly used by the Debtor to pay for the cost of education and recreation of the children, such as, Karate classes, cost of Sunday school and prepaid college funds.

■ Although it is not clearly articulated, it appears that Ms. Foster relies ostensibly on Section 362(b)(2) of the Bankruptcy Code which provides in part:

(b) "The filing of a petition ... *does not operate as a stay*— ...

(A) of the commencement or continuation of an action or proceeding for—

(i) the establishment of paternity; or

(ii) *the establishment or modification of an order for alimony, maintenance, or support;* ..."

11 USC § 362(b)(2). (emphasis added).

This exception to the operation of the stay does not define the terms of "alimony, maintenance or support" however, Section 507(a)(7) defines the terms by providing that a claim for priority includes an allowed claim for debts owed to a spouse, former spouse, or child of the debtor for alimony, maintenance for or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record.

First, the award made by the State of Oregon was clearly not made by an order of a court of record. Second, it was not made in connection with a separation agreement or divorce decree. Although the parties were married in the State of Oregon, the marriage is not recognized by the laws of this State. Third, the funds were not for maintenance or alimony due to the Debtor or to Ms. Foster, it is clear the funds provided by the State of Oregon were solely for the support and maintenance of the parties' adopted children.

Relying on the literary language of the exception to the operation of the automatic stay, it appears that it does not apply unless this Court is willing to accept the proposition that the funds paid by the State of Oregon would be within the exception set forth in Section 362(b)(2). Specifically, since the funds that are furnished by the State of Oregon are for the sole purpose of providing support to the children and, therefore, the funds paid are within the exception as provided by Section 362(b)(2).

The difficulty to resolve this question stems from the fact that this is not an ordinary domestic obligation situation. The question involves merely the dispute between two parties, neither of them being the biological parent of the children involved, concerning the disposition of the funds paid by the State of Oregon.

However, it is without dispute that there is an outstanding Judgment in favor of Ms. Foster and against the Debtor entered by the Circuit Court based on the Arbitration Award. It cannot be gainsaid that this Judgment is based on pre-petition events, thus; theoretically it is a liquidation of a pre-petition claim against the Debtor. As noted earlier, Ms. Foster filed several

claims against the Debtor and by virtue of the Order entered by this Court on November 23, 2004, all claims by Ms. Foster had been disallowed with finality and have been determined to be unallowable claims against the Debtor in this Chapter 13 case.

This being the case, any attempt to enforce the same would be clearly in violation of the automatic stay imposed by Section 362(a), unless, the liability is not within the exception of the operation of the automatic stay under Section 362(b)(2)(B). This Court having concluded that the Judgment based on the Arbitration Award does not represent an award of alimony, maintenance, support of a spouse, or a child of the spouse but merely seeks to impose and enforce a pre-petition claim against the Debtor which is within the protective provision of Section 362(a).

Nonetheless, this conclusion however does not resolve the underlying bases of the dispute of the parties, which concerns the respective rights of the parties to the monthly support payment paid by the State of Oregon. It is clear that the funds already received and yet to be received were not and are not the property of the Debtor's estate. It is equally clear that this Court has no jurisdiction to determine which of the two shall receive and use the funds paid monthly by the State of Oregon for the support of the parties' children. Thus, it is obvious this issue must be resolved by the appropriate agency of the State of Oregon which granted the award to begin with. In sum, it is clear that this Court's jurisdiction is limited to the protection of the Debtor's right to be free from collection efforts of pre-petition debts and to assure that no one can, including Ms. Foster, attempt or enforce the Judgment entered by the Circuit Court based on the Arbitration Award as long as the Debtor is protected by Section 362(a) of the Bankruptcy Code.

Accordingly it is,

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration and/or Rehearing filed by Anneelena Foster (Doc. No. 181) be, and the same hereby is, granted. It is further

ORDERED, ADJUDGED AND DECREED that upon reconsideration this Court is satisfied that the Judgment based on the Arbitration Award represents a pre-petition personal obligation of the Debtor, thus, is within the protection of the automatic stay imposed by Section 362(a) and any further attempt to collect the same is sanctionable pursuant to Section 362(h) of the Code. It is further

ORDERED, ADJUDGED AND DECREED that the Amended Order Denying Debtor, Corey D. Mercier d/b/a Magnum Investment Group d/b/a Magnum Instant Gallery d/b/a Mercier Investment Group's Renewed Motion for Sanctions against Anneelena Foster (Doc. No. 172) be, and the same is hereby, reaffirmed in toto. It is further

ORDERED, ADJUDGED AND DECREED that Ms. Foster is authorized to establish her rights, if any, to the monthly past, present and future support payments paid by the State of Oregon for the benefits of the parties' adopted children, if she is so deemed to be advised.